NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY ROGERS,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3089

---

Petition for review of the Merit Systems Protection Board in case no. DA0752110058-I-1.

---

Decided: July 13, 2012

---

ANTHONY ROGERS, San Antonio, Texas, pro se.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.

---

Before BRYSON, PROST, and REYNA, *Circuit Judges*.

PER CURIAM.

Petitioner Anthony Rogers appeals the decision of the Merit Systems Protection Board ("Board") affirming the Department of Veterans Affairs's ("Agency") removal of Mr. Rogers from his position as a human resource specialist. For the reasons set forth below, we *affirm*.

## I. BACKGROUND

Mr. Rogers was a human resources specialist in the San Antonio office of the Agency's South Texas Health Care System. In a letter of proposed removal dated March 31, 2010, Mr. Rogers's supervisor, Jerry A. Erwin, proposed that Mr. Rogers be removed from Agency employment based on three charges. The first charge, "Altering Official Government Documents," related to actions Mr. Rogers allegedly took when initiating the hiring of a new employee. Specifically, the charge alleged that Mr. Rogers copied a previously authorized SF-52 form for one candidate and then used "white out" to enter a new candidate's information on the form instead of filling out a new, blank form for supervisory approval, thereby violating Agency policy requiring supervisor approval before initiating a personnel action. The second charge, "Failure to Safeguard Confidential Information," was based on two related specifications, both surrounding an alleged December 29, 2009 incident involving Mr. Rogers and an Agency employee, Charles Harpel. The first specification alleged that Mr. Rogers provided Mr. Harpel with Mr. Rogers's own Social Security number and passwords to access human resources databases containing confidential information, even though Mr. Harpel was not authorized to access the database. The second specification alleged that Mr. Rogers asked Mr. Harpel to use Mr. Rogers's

login information to download a referral certificate (i.e., a document listing applicants for a vacancy) from a human resources database. According to the specification, the information in the referral certificates contained confidential information, and giving Mr. Harpel access to such information would have resulted in privacy violations.[1] Finally, the third charge, "Failure to Follow Instructions," alleged that Mr. Rogers released referral certificates to an Agency component without supervisor approval after having been specifically instructed not to release personnel documents without such prior approval.

Approximately three weeks after the date of the letter of proposed removal, Mr. Rogers submitted a filing with the U.S. Office of Special Counsel alleging, inter alia, that he previously filed a complaint with the Board in which he claimed to be a whistleblower subject to retaliation; after the filing of his whistleblowing complaint, he notified his supervisors of violations of Agency policies by certain Agency employees; and he had been served with a proposed removal and placed on authorized leave status.

Then, on April 26, 2010, Mr. Rogers submitted his written response to the charges in the removal letter, stating that "[t]he Agency is aware that I am a whistleblower with pending hearings" and that an adverse personnel action "must not be taken as a reprisal for the proper exercise of my legal or administrative appeal rights." J.A. 52. He attached his previous filing with the Office of Special Counsel as an exhibit to his response.

---

[1]    The administrative judge ultimately merged these two specifications, finding that they were based on the same conduct. *Rogers v. Dep't of Veterans Affairs*, No. DA0752110058-I-1, at 11 (M.S.P.B. Feb. 16, 2011).

Marie L. Weldon, the deciding official on Mr. Rogers's removal, sustained the proposed removal in a letter dated June 17, 2010, and Mr. Rogers was removed from Federal service on June 25, 2010. Mr. Rogers appealed his termination to the Board. After holding a hearing, the administrative judge issued an initial decision sustaining the Agency's removal. *Rogers v. Dep't of Veterans Affairs*, No. DA0752110058-I-1 (M.S.P.B. Feb. 16, 2011) ("*Initial Decision*"). In reaching that decision, the administrative judge rejected Mr. Rogers's affirmative defense that his removal was an impermissible reprisal against him for whistleblowing, finding that the Agency had presented clear and convincing evidence that it would have removed Mr. Rogers in the absence of any protected disclosures. The Board denied Mr. Rogers's petition for review, *Rogers v. Dep't of Veterans Affairs*, No. DA0752110058-I-1 (M.S.P.B. Dec. 23, 2012), and the initial decision accordingly became the decision of the Board. Mr. Rogers has appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm a Board decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). "[A]n agency may take adverse action against any employee whose misconduct harms the efficiency of its service." *Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 1148 (Fed. Cir. 1997). When taking such adverse action, an agency must prove the charged misconduct by a preponderance of the evidence. *Id.*

With respect to the first charge, Mr. Rogers argues, inter alia, that the Agency failed to prove that he knowingly supplied false information with the intention of defrauding the Agency. As the Agency correctly explains, however, Mr. Rogers was not charged with supplying false information but rather with altering an official document in violation of Agency policy. Because the Agency only needs to prove the misconduct it chooses to charge, *see, e.g.*, *Pope*, 114 F.3d at 1148, the Agency did not need to prove that Mr. Rogers acted with an intent to defraud.

With respect to the second charge, Mr. Rogers challenges the Board's factual findings that the alleged conduct occurred. These findings are based on the administrative judge's credibility determinations, which are "virtually unreviewable" on appeal, *see, e.g.*, *Chambers v. Dep't of Interior*, 515 F.3d 1362, 1370 (Fed. Cir. 2008), and are supported by substantial evidence, including testimony from Mr. Harpel, *see Initial Decision* at 9. Consequently, Mr. Rogers's arguments are not persuasive.

With respect to the third charge, Mr. Rogers argues that the Agency failed to prove that he intended to disregard the Agency's instructions. Mr. Rogers's intent, however, is not an element of a failure to follow instructions charge. *Parbs v. U.S. Postal Serv.*, 107 M.S.P.R. 559, 564 (2007), *aff'd*, 301 F. App'x 923 (Fed. Cir. 2008) ("Unlike a charge of insubordination, a charge of failure to follow instructions does not require proof that the failure was intentional."). Thus the Agency was not required to establish Mr. Rogers's intent to prove this charge. Mr. Rogers further argues that the Board erred in making certain factual findings, such as the finding that Mr. Rogers knew about the Agency's requirement that referral certificates must be approved by an authorized supervisor

before being released to a hiring component. Like the findings made in connection with the second charge, these findings are based on credibility determinations and are supported by substantial evidence, including the testimony of Agency employees at the hearing. *See Initial Decision* at 12-14. Consequently, for the above reasons, we have no basis to disturb the Board's conclusion that the Agency proved the three charges by a preponderance of the evidence.

Mr. Rogers's arguments related to his whistleblowing affirmative defense similarly lack merit. To establish an affirmative defense of retaliation under the Whistleblower Protection Act, a petitioner must show that (1) he made a disclosure protected under 5 U.S.C. § 2302(b)(8), and (2) the protected disclosure was a contributing factor in the agency's personnel action. *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993). Once a petitioner makes a prima facie showing, the agency must prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(2).

Here, although the Board found that Mr. Rogers established that he made protected disclosures and that those disclosures were a contributing factor in his removal, it ultimately determined that the Agency would have removed Mr. Rogers in the absence of any whistleblowing activity. On appeal, Mr. Rogers challenges the Board's factual findings that Agency officials were unaware of Mr. Rogers's whistleblowing activities prior to his proposed removal and that there was no evidence that similarly situated employees were treated more favorably. Again, these findings involve credibility determinations, and the record contains substantial evidence to support these findings.

Mr. Rogers's remaining arguments do not warrant a different result. Consequently, for the reasons set forth above, the decision of the Board is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**