# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHLEEN HANSEN,

Appellant,

v.

DEPARTMENT OF THE ARMY,

Agency.

DOCKET NUMBER
PH-0752-14-0008-I-2

DATE: March 13, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathleen Hansen, Whiting, New Jersey, pro se.

Kurt W. Perhach, Picatinny Arsenal, New Jersey, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

¶2        The agency removed the appellant from her Contract Specialist position. Initial Appeal File (IAF), Tab 3, Subtab 4b. She timely appealed the removal, IAF, Tab 1, and following a dismissal without prejudice, IAF, Tab 8, timely refiled the appeal, Refiled Appeal File (RAF), Tab 1. After a hearing, the administrative judge affirmed the removal. RAF, Tab 14, Initial Decision (ID).

¶3        The appellant has filed a timely petition for review in which she asserts, inter alia, that: the deciding official did not consider her written response; her prior discipline was improperly considered; the administrative judge improperly excluded some of her proposed witnesses; the charges against her were improperly reclassified and improperly sustained; and the administrative judge was biased. Petition for Review (PFR) File, Tab 1 at 5-12. The appellant also asserts that the administrative judge erred in finding that she failed to establish her affirmative defense of equal employment opportunity (EEO) retaliation in particular because he incorrectly found that the deciding official was unaware that she had filed an EEO complaint. *Id*. at 10-11. Additionally, the appellant reasserts that her removal was a violation of her First Amendment rights and argues, for the first time on review, that the constant "rehashing" of her past

disciplinary record is a violation of the Fifth Amendment in that it constitutes double jeopardy.[2]  *Id*. at 12.  The agency responds in opposition to the petition.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        When taking an adverse action against an employee, an agency must establish that:  (1) the charged conduct occurred; (2) a nexus exists between the conduct and the efficiency of the service; and (3) the particular penalty imposed is reasonable.  *Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 16 (2005) (citing 5 U.S.C. §§ 7701(c)(1)(B), 7513(a)).  For a charge to be sustained, an agency must prove all of the elements of the charge by a preponderance of the evidence.[3]  *Crawford-Graham*, 99 M.S.P.R. 389, ¶ 17 (citing *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990)).

The administrative judge properly sustained the charges of disrespectful conduct towards a supervisor and insubordination.

¶5        The appellant was removed based upon six specifications of disrespectful conduct towards a supervisor and one specification of insubordination.  IAF, Tab 3, Subtab 4b.  The administrative judge found, based upon the record as a whole, including the hearing testimony and the content of the emails supporting the specifications, that the agency proved all six specifications of disrespectful conduct towards a supervisor.  ID at 5-6; *see* RAF, Tab 9, Exhibits 1-7.  With regard to a charge of disrespectful conduct, the Board considers the context in which comments are made to determine whether misconduct occurred.  *Daigle v.*

---

[2] Although the appellant has submitted evidence on review, PFR File, Tab 2, we have not considered it because she has not shown that this evidence is new and material. 5 C.F.R. § 1201.115.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

*Department of Veterans Affairs*, [84 M.S.P.R. 625](), ¶ 6 (1999). We have considered the content and context of the emails at issue in the specifications, as well as the evidence and testimony concerning the appellant's refusal to attend a meeting as directed by the proposing official and her second-line supervisor, the appellant's communications during meetings, and the appellant's interactions with both the proposing official and her second-line supervisor. *See* IAF, Tab 3, Subtab 4c; RAF, Tab 9; Hearing Compact Disc (HCD). Based upon this review, we find no reason to disturb the administrative judge's finding sustaining all six specifications of disrespectful conduct.

¶6 The administrative judge also sustained the insubordination charge, finding that the appellant did not dispute the factual assertions in the specification, that the appellant's second-line supervisor issued her a valid order to listen and remain in a meeting, and that the appellant willfully refused to obey the order when she abruptly left the meeting. ID at 6-7. Insubordination is the willful and intentional refusal to obey an authorized order of a superior officer which the officer is entitled to have obeyed. *Parbs v. U.S. Postal Service*, [107 M.S.P.R. 559](), ¶ 13 (2007), *aff'd*, 301 F. App'x 923 (Fed. Cir. 2008). The record reflects that the appellant's second-line supervisor was entitled to order and did order the appellant to remain in the meeting, but she willfully and intentionally left the meeting. *See* IAF, Tab 3, Subtab 4c; HCD. Therefore, we see no reason to disturb the administrative judge's findings sustaining this charge.[4]

The appellant has not established her affirmative defense of EEO retaliation.

¶7 On review, the appellant argues that the administrative judge erred in finding that she did not establish her affirmative defense of EEO retaliation, in

---

[4] The appellant challenges the administrative judge's finding sustaining the charges against her, stating that there never was any insubordination or disrespectful conduct. PFR File, Tab 1 at 6. We find that the appellant's arguments provide no basis for us to disturb the initial decision because the appellant's mere disagreement with the administrative judge's conclusions does not provide a basis for Board review. *See Weaver v. Department of the Navy*, [2 M.S.P.R. 129](), 133–34 (1980).

particular because the administrative judge incorrectly found that the deciding official did not have knowledge of her EEO activity prior to removing her. PFR File, Tab 1 at 10-11. The appellant points to an email that she sent prior to her removal to several individuals, including the deciding official, in which she stated that she had filed an EEO complaint. *Id*.; *see* IAF, Tab 3, Subtab 4c.

¶8 Where, as here, the record is complete on the issue of retaliation, the Board's inquiry proceeds to the ultimate question of whether, upon weighing the evidence presented by both parties, the appellant has met her overall burden of proving retaliation by preponderant evidence. *Dwyer v. Department of Veterans Affairs*, 107 M.S.P.R. 632, ¶ 7 (2008). In his initial decision, the administrative judge considered the deciding official's testimony that she only became aware of the appellant's EEO complaint after she rendered the removal decision. ID at 8-9. However, the administrative judge also found that the appellant failed to demonstrate a genuine nexus between her prior EEO activity and her removal, that the agency had a legitimate nondiscriminatory and nonretaliatory reason for removing the appellant in that she had repeated charges of misconduct, and that the appellant presented no evidence that the agency's stated reason was pretextual. ID at 9-10. Based upon our review of the record as a whole, we find that, regardless of whether the deciding official knew about the appellant's EEO activity prior to removing her, the appellant failed to establish her affirmative defense of EEO retaliation. *See Keller v. Department of the Army*, 113 M.S.P.R. 557, ¶ 12 (2010) (even assuming that the appellant engaged in protected EEO activity of which the proposing official was aware and that retaliation could have been the motive for the removal action, the appellant failed to establish a genuine nexus between the protected activity and the removal).

The administrative judge properly determined that the appellant did not prove her affirmative defense of harmful procedural error.

¶9 On review, the appellant argues that the agency committed harmful procedural error when the deciding official considered her prior discipline and

that the administrative judge erred in excluding witnesses who would have testified as to issues concerning her prior discipline. PFR File, Tab 1 at 5-6. She also asserts that the discipline that was the subject of pending EEO proceedings should not have been considered. *Id*. at 11-12. An agency may consider prior discipline as an aggravating factor in a current misconduct case if the employee was informed of the prior action in writing, the action was a matter of record, and the employee was permitted to dispute the charges before a higher level of authority other than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). Here, the appellant was informed of the prior actions in proposed decisions, she was given the opportunity to dispute the charges, and the actions were imposed by a deciding official who was different from the proposing official. IAF, Tab 3, Subtabs 4e-4i. The appellant was informed in the proposal to remove her that the agency would be relying on the prior discipline in imposing the penalty. IAF, Tab 3, Subtab 4d. We therefore find that the appellant has not shown error by the agency as to its consideration of the prior discipline and that the administrative judge properly excluded witnesses concerning the prior discipline because the discipline was not at issue in the current case. Additionally, we find no error in the consideration of a disciplinary action that was the subject of an EEO complaint because our reviewing court has held that a prior disciplinary action that is being challenged through the EEO process may still be considered in assessing a proper penalty. *Blank v. Department of the Army*, 247 F.3d 1225, 1230 (Fed. Cir. 2001).

<u>The administrative judge properly determined that the appellant's removal did not violate the First Amendment.</u>

¶10      We also find unpersuasive the appellant's argument that her removal violated the First Amendment. PFR File, Tab 1 at 12. In order to determine whether speech is protected by the First Amendment, the Board must determine: (1) whether the speech addressed a matter of public concern and, if so, (2) whether the agency's interest in promoting the efficiency of the service

outweighs the employee's interest as a citizen. *Smith v. Department of Transportation*, [106 M.S.P.R. 59](), ¶ 46 (2007). Here, we find that the administrative judge correctly determined that the appellant was not addressing a matter of public concern and that her removal therefore did not violate the First Amendment. ID at 11-12.

<u>The appellant's remaining affirmative defenses do not provide a basis for disturbing the initial decision.</u>

¶11     The appellant asserts for the first time on review that her removal violates the constitutional prohibition against double jeopardy and that she did not have a meaningful opportunity to respond to her proposed removal. PFR File, Tab 1 at 11-12. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](), 271 (1980). The appellant has made no such showing here. Even if we did consider these arguments, however, we find that they are not supported by the record. In particular, the appellant did indeed respond to the proposed removal and the removal decision specifically addressed her response. IAF, Tab 3, Subtabs 4b-4c. We therefore find that she had a meaningful opportunity to respond to the proposal letter. We also find that the appellant's argument regarding double jeopardy is without merit because there is no evidence that she was disciplined twice for the same misconduct. *Cooper v. Department of Veterans Affairs*, [117 M.S.P.R. 611](), ¶ 5 (2012) (although the constitutional prohibition against double jeopardy applies only to defendants in criminal cases, and not to petitioners in administrative proceedings before the Board, an agency cannot impose a disciplinary or adverse action more than once for the same misconduct), *aff'd*, 515 F. App'x 897 (Fed. Cir. 2013); *see Frederick v. Department of Homeland Security*, [2015 MSPB 11](), ¶ 6 (an agency cannot rely upon employee misconduct that formed the basis of a prior disciplinary or adverse action when imposing a subsequent disciplinary or adverse action).

<u>The administrative judge correctly determined that there is a nexus between the charged misconduct and the efficiency of the service.</u>

¶12        Next, we find that the administrative judge properly found a nexus between the appellant's charged misconduct and the efficiency of the service.  ID at 12.  The Board has held that disrespect toward supervisors seriously undermines the capacity of management to maintain employee efficiency and discipline.  *Fonville v. Department of Health & Human Services*, 30 M.S.P.R. 351, 354-55 (1986).  Thus, we agree with the administrative judge that there is a nexus between both the appellant's disrespectful conduct towards a supervisor and her insubordination and the efficiency of the service.  *See Beaudoin v. Department of Veterans Affairs*, 99 M.S.P.R. 489, ¶¶ 10, 17, *aff'd as modified on recons.*, 100 M.S.P.R. 507 (2005), *aff'd*, 202 F. App'x 460 (Fed. Cir. 2006).

<u>The administrative judge properly determined that the penalty was reasonable.</u>

¶13        Where, as here, all of the agency's charges have been sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within the tolerable limits of reasonableness.[5]  *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010).  The deciding official credibly testified that she considered all of the *Douglas* factors but that she highlighted the most important factors in her decision.  HCD.  She testified as to the most significant *Douglas* factors, including that:  the appellant's offense of "storming out of a meeting" was very serious; the offenses were repeated; the offenses were intentional; the appellant demonstrated no regret or remorse; there were no mitigating circumstances; and the appellant did not have rehabilitative potential as there had been previous discipline.  HCD; *see* IAF, Tab 3, Subtab 4b.  The deciding official also testified that she considered the agency's table of

---

[5] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of twelve factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

penalties and the appellant's past service and performance. HCD; *see* IAF, Tab 3, Subtab 4b. Considering the record as a whole, we find that the agency considered all of the relevant *Douglas* factors and exercised management discretion within the tolerable limits of reasonableness. Therefore, we do not disturb the administrative judge's finding that the removal penalty was warranted in this case.

<u>The appellant has not shown that the administrative judge was biased.</u>

¶14       On review, the appellant asserts that the administrative judge was biased in favor of the agency. PFR File, Tab 1 at 7. The appellant has not set forth any evidence or argument to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 46 (2014). We therefore find that the appellant has not shown bias. We also have considered the appellant's remaining arguments. However, we find that they do not present a basis for disturbing the administrative judge's initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____

                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.