**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARGARET JEAN JOHNSON,<br>Appellant, | DOCKET NUMBER<br>AT-0752-15-0141-I-2 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>Agency. | DATE: May 26, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jean I. Hansen, Fort Rucker, Alabama, for the appellant.

Joseph H. Bestul, Fort Rucker, Alabama, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her 15-day suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant holds the position of Police Officer in Fort Rucker, Alabama. *Johnson v. Department of the Army*, MSPB Docket No. AT-0752-15-0141-I-1, Initial Appeal File (IAF), Tab 5 at 9. In August 2014, the agency proposed her suspension for 15 days based upon charges of (1) failure to observe written procedures where safety to persons or property is endangered, and (2) insubordination. *Johnson v. Department of the Army*, MSPB Docket No. AT-0752-15-0141-I-2, Refiled Appeal File (RAF), Tab 11 at 24-26. After the appellant submitted a response, *id*. at 20-22, the deciding official upheld the 15-day suspension, *id*. at 17-18.

¶3 The appellant appealed her suspension to the Board. IAF, Tab 1. The administrative judge held the requested hearing and issued a decision, finding that the agency proved charge 1, but failed to prove charge 2. RAF, Tab 20, Initial Decision (ID) at 4-9. Nevertheless, the administrative judge sustained the 15-day suspension. ID at 9-11.

¶4 The appellant has filed a petition for review. *Johnson v. Department of the Army*, MSPB Docket No. AT-0752-15-0141-I-2, Petition for Review (PFR) File, Tab 1. She does not dispute the administrative judge's findings concerning the charges or nexus. Instead, the appellant presents arguments concerning the

administrative judge's consideration of prior discipline in upholding the penalty. PFR File, Tab 1 at 4-5.  The agency has filed a response.  PFR File, Tab 4.

¶5    Where, as here, not all of the charges are sustained, the Board will consider carefully whether the sustained charges merited the penalty imposed by the agency.  *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 308 (1981). One of many relevant factors in considering the reasonableness of a penalty is an employee's past disciplinary record.  *Id.* at 305.

¶6    The appellant first alleges that the administrative judge failed to recognize that the penalty for her prior discipline was reduced.  PFR File, Tab 1 at 4.  She also alleges that the administrative judge mischaracterized the nature of the corresponding misconduct.  *Id*.  We find any such error harmless.

¶7    The proposing and deciding officials both cited a prior suspension in selecting a 15-day suspension for the appellant's current disciplinary action. RAF, Tab 11 at 18, 25.  Like the charge sustained in the instant appeal, the appellant's prior discipline stemmed from her failure to follow procedures concerning the use of audio/video recording equipment.  *Id.* at 24, 50.  The deciding official sustained that prior disciplinary action as a 7-day suspension. *Id*. at 53.  However, while the instant appeal was pending, the prior suspension was reduced to 2 days, pursuant to a negotiated settlement agreement.  IAF, Tab 10 at 4; RAF, Tab 11 at 5.

¶8    While analyzing the reasonableness of the 15-day suspension in this appeal, the administrative judge did describe the appellant's prior discipline as a 7-day suspension, without acknowledging that it had been reduced.  ID at 11.  The administrative judge also described that prior discipline as stemming from a "failure to follow procedures regarding video/audio equipment," which is consistent with the underlying allegations but inconsistent with the corresponding

decision letter, which described the misconduct as "conduct unbecoming."[2] *Compare* RAF, Tab 11 at 53, *with* ID at 11. However, an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶9    To the extent that the administrative judge erred in her description of the appellant's prior suspension, the error was harmless. *See Carrick v. U.S. Postal Service*, 67 M.S.P.R. 280, 284 (finding an administrative judge's errors in describing the length of one prior suspension and the charge in another harmless), *aff'd*, 69 F.3d 555 (Fed. Cir. 1995) (Table). The agency accused the appellant of failing to meet requisite standards concerning audio/video equipment use in May 2014, and decided to suspend her for that failure in June 2014. RAF, Tab 11 at 50, 53. Nevertheless, the appellant again failed to meet those standards in August 2014. *Id.* at 17, 24.

¶10    As the administrative judge noted, the deciding official testified that the sustained charge was serious and warranted a lengthy suspension, in part because the appellant already had been suspended for similar misconduct once before. ID at 10; *see generally Lachance v. Devall*, 178 F.3d 1246, 1258 (Fed. Cir. 1999) (recognizing that the Board may not disconnect its penalty determination from the agency's managerial will and primary discretion in disciplining employees). We are not persuaded that the mitigation of that prior suspension from 7 to 2 days, pursuant to a settlement agreement, or the varying labels used to identify that misconduct, makes the 15-day suspension at issue here any less reasonable. *See generally Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 25 (2007) (recognizing that prior discipline for similar misconduct is an aggravating factor,

---

[2] In fact, the proposal and decision letters for the appellant's prior discipline labeled the misconduct differently. The proposal letter labeled the appellant's misconduct as "failure to observe written procedures where safety to persons or property is endangered," while the decision letter characterized it as "conduct unbecoming." RAF, Tab 11 at 50, 53.

to be weighed against mitigation), *aff'd*, 301 F. App'x 923 (Fed. Cir. 2008); *Crawford v. Department of Justice*, 45 M.S.P.R. 234, 237 (1990) (recognizing that law enforcement employees may be held to a higher standard of conduct than non-law enforcement employees).

¶11    The appellant next asserts that she tried to inform the administrative judge about the reduction of the penalty for her prior discipline, but the administrative judge indicated that she would not hear testimony or consider that prior discipline in rendering her decision in the instant appeal. PFR File, Tab 1 at 5. We find no merit to the appellant's assertion.

¶12    Under *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 338-39 (1981), when an agency relies on past discipline to support the disciplinary action that is on appeal, the Board generally will review the past discipline to determine whether:    (1) the employee was informed of the action in writing; (2) the employee had an opportunity to have the action reviewed, on the merits, by an authority different from the one that took the action; and (3) the action was made a matter of record. If those three criteria are met, the Board will discount the past discipline only if it is left with a "definite and firm conviction that a mistake has been committed." *Id*. at 340.

¶13    Here, the administrative judge did not review the appellant's past discipline upon which the agency relied. However, the Board has held that *Bolling* review is required only where the appellant has actually challenged the validity of her prior discipline on appeal. *Rosenberg v. Department of Transportation*, 105 M.S.P.R. 130, ¶ 34 (2007). Although the appellant generally alleges that the administrative judge assured her that the prior discipline would not be considered, she failed to identify when the administrative judge did so, or in what context. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, 2 M.S.P.R.

129, 133 (1980) (finding that, before the Board will undertake a complete review of the record, the petitioning party must identify the specific evidence in the record that demonstrates the error). Moreover, although the appellant seems to suggest that she was surprised that the administrative judge considered the prior discipline, the appellant's petition contains no challenge to the validity of that prior discipline, nor does it identify any such challenge during the proceedings below. PFR File, Tab 1 at 4-5; *cf*. IAF, Tabs 1, 10; RAF, Tab 19. Accordingly, we conclude that the appellant's assertions do not provide any basis for disturbing the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional

information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.