NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3153

RICHARD W. PARBS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Douglas L. Wilson, The Wilson Law Firm, of Naples, Florida, for petitioner.

Teresa A. Gonsalves, Appellate Counsel, Law Department, United States Postal Service, of Washington, DC, for respondent.  With her on the brief were Lori J. Dym, Chief Counsel; and Gregory G. Katsas, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.   Of counsel was Elizabeth A. Holt, Trial Attorney, United States Postal Service, of Washington, DC.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3153

RICHARD W. PARBS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the decision of the Merit Systems Protection Board in Case No. AT0752070266-I-1.

_____

DECIDED:  December 3, 2008

_____

Before NEWMAN, SCHALL, <u>Circuit Judges,</u> and PATEL, <u>District Judge</u><sup>∗</sup>

PER CURIAM

 Richard W. Parbs appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board") which upheld his dismissal from service with the United States Postal Service ("USPS").  We <u>affirm</u> the decision of the MSPB.

BACKGROUND

 Mr. Parbs was an employee of the USPS and held the position of PS-8 Mail

---

 ∗ The Honorable Marilyn H. Patel, United States District Court for the Northern District of California, sitting by designation.

Processing Equipment Mechanic. The USPS removed Mr. Parbs from employment, based on an incident that occurred on August 2, 2006. On that day, Mr. Parbs was performing maintenance on the letter mail labeling machine. While working on the machine, at about 11:30 a.m. he received an order from Angela B. Simpson, a Distributions Operations Supervisor, to return the machine to service. Mr. Parbs responded that he needed another hour and a half to finish his maintenance work. Miss Simpson repeated the order to restart the machine, and Mr. Parbs responded that the earliest the machine could be restarted was at 11:45 a.m. Miss Simpson then told Mr. Parbs to restart the machine at 11:45 a.m. Mr. Parbs answered that she was not his direct supervisor and therefore was in no position to tell him what to do. Miss Simpson responded that she would talk to Mr. Parbs' direct supervisor, Michael Keen, and instructed him in the meantime to power up the machine.

When Miss Simpson returned at noon, she found that Mr. Parbs was still performing maintenance on the machine. When she asked why the machine was not yet operational, Mr. Parbs told her that he would not follow her orders because she was not his direct supervisor. Miss Simpson stated that she is giving Mr. Parbs a direct order and that if he disobeyed the order he would be put off the clock. In response, Mr. Parbs told Miss Simpson that he is not going to talk to her because she is not his direct supervisor and told her to "talk to the hand."

On September 6, 2006 Mr. Parbs' direct supervisor Keen issued a notice of proposed removal. Mr. Parbs requested a meeting with the Plant Manager; the meeting occurred on September 25, 2006. At the meeting Mr. Parbs acknowledged his duty to obey the order of a supervisor and, if he disagreed with the order, to file a grievance after complying. On November 15, 2006, the Plant Manager issued a decision, removing Mr.

Parbs from employment effective November 25, 2006. Mr. Parbs filed an appeal with the MSPB.

The Administrative Judge ("AJ") heard Mr. Parbs' appeal on the briefs after Mr. Parbs waived his right to have an in-person hearing. The AJ held that the USPS had not met its burden of showing that Mr. Parbs refused to follow a lawful order, and ordered Mr. Parbs' reinstatement. The USPS appealed to the full Board. The full Board reversed the AJ's decision and upheld the removal, on the basis that there was evidence supporting the finding that Mr. Parbs was insubordinate. In reaching that conclusion, the Board relied on the sworn affidavits submitted by Miss Simpson and Mr. Keen. The Board found that Mr. Parbs was aware of the requirement to comply with any order from any supervisor, if the order is not immoral or unsafe. As to the severity of the penalty, the Board observed that Mr. Parbs had been twice placed on suspension, and had received a written warning, all for insubordination and/or failure to follow orders.[1] The dissenting Board member stated that the fact that Ms. Simpson was not Mr. Parbs' direct supervisor, and the fact that Mr. Parbs complied with the order when he received it from his direct supervisor – Mr. Keen – both militate against the finding of insubordination.

This appeal followed.

DISCUSSION

Decisions by the MSPB must be affirmed unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

---

[1] In fact, Mr. Parbs had three suspensions. However, the suspension of March 7, 2005 (also for failure to follow orders) was not mentioned in the notice of proposed removal, and therefore was not relied on by the MSPB, and we similarly do not rely on it here.

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Dickey v. OPM, 419 F.3d 1336, 1339 (Fed. Cir. 2005). "Substantial evidence is defined as: 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Bradley v. Veterans Admin., 900 F.2d 233, 234 (Fed. Cir. 1990) (quoting Consolidated Edison Co. v. Labor Board, 305 U.S. 197, 229 (1938)).

Mr. Parbs argues that the USPS failed to establish insubordination because he had a good faith belief that he was not required to follow the orders of anyone but his direct supervisor. He argues, citing Phillips v. General Services Admin., 878 F.2d 370, 373 (Fed. Cir. 1989), that because he lacked requisite intent, there was no insubordination. The Board had found that Mr. Parbs' assertions on the issue of intent were not credible, referring to his statements, at the meeting with the Plant Manager, that he knew that the required procedure was to follow the order of any supervisor, and that he knew that he could file a grievance, but only after he complied with the order. The Board found that Mr. Parbs' affidavit submitted to the MSPB contradicted his earlier statements to the Plant Manager and to Mr. Keen. On the other hand, the Board found that the statements of Mr. Keen and Miss Simpson were consistent throughout all proceedings.

A charge of insubordination requires proof of intent to refuse to comply with a supervisor's order. See Phillips, 878 F.2d at 373. Evidence of intent is often circumstantial, Naekel v. Dep't of Transp., 782 F.2d 975, 977 (Fed. Cir. 1986), and credibility determinations play an important role in determining intent. These credibility determinations are "virtually unreviewable," Rogers v. Office of Pers. Mgmt., 87 F.3d 471, 472 (Fed. Cir. 1996) (quoting Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir.

1986)).  Thus we are constrained by the Board's finding as not credible Mr. Parbs' assertion that he did not know of the requirement to comply with a supervisor's order.  The Board's finding that Mr. Parbs refused to follow a supervisor's order is supported by the affidavits of Miss Simpson and Mr. Keen and their contemporaneous statements and notes.

Mr. Parbs states that the USPS Employee and Labor Relations Manual ("ELM") is ambiguous on the question of whether he had an obligation to follow orders from someone who is not his direct supervisor.  Mr. Parbs argues that ELM Standard 665.15 ("Employees must obey the instructions of their supervisors") is ambiguous because the ELM does not state whether it refers only to immediate supervisors or to any person of superior rank.  Mr. Parbs states that the ambiguity means that he could have a good-faith belief that he is not required to obey orders from any but his direct supervisors.  However, at the USPS hearing Mr. Parbs stated that he knew that he must follow orders from any superior.

On the entirety of the record provided, substantial evidence supports the Board's finding that Mr. Parbs intentionally violated Miss Simpson's order and knew of his obligation to obey the order.

As to the severity of the penalty, we cannot disturb the agency's penalty unless it is "unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness."  Dominguez v. Dep't of Air Force, 803 F.2d 680, 684 (Fed. Cir. 1986).  Mr. Parbs argues that the penalty is harsh and extreme in view of the nature of the event and the ambiguity or uncertainty as to policy.  We agree that the Douglas factors weigh against the penalty of removal for a single infraction.  However, the Board discussed that Mr. Parbs had a history of disciplinary

actions.  In light of this history, we conclude that the penalty was not devoid of basis and was within the agency's discretion, and must be affirmed.

Each party shall bear its costs.