# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHAWN EDMONDS, SR., | DOCKET NUMBER |
| Appellant, | PH-0752-15-0092-B-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 22, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shawn Edmonds, Sr., Willow Grove, Pennsylvania, pro se.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal from service. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to supplement the analysis of the agency's third charge, we AFFIRM the initial decision.

¶2        The agency removed the appellant, a Veterans Claims Examiner, on three charges of misconduct:  (1) threatening bodily injury to management personnel; (2) failing to protect personally identifiable information; and (3) redirecting veterans' benefits to other than the intended claimants and improperly altering official Government documents.  Initial Appeal File (IAF), Tab 5 at 6-10.  He appealed his removal to the Board.  IAF, Tab 1.  After the parties submitted argument and evidence, the administrative judge sustained only the third charge.[2]  IAF, Tab 10, Initial Decision (ID) at 3-9.  He denied the appellant's affirmative defense of race discrimination, and he mitigated the removal to a 14‑day suspension.  ID at 9-10, 12.

¶3        Previously, the agency filed a petition for review, which the Board granted. *Edmonds v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-15-0092-I-1, Remand Order (RO) (July 14, 2015); Petition for Review (PFR) File, Tab 5.  We remanded for the administrative judge to further consider charge 2,

---

[2] The administrative judge did not hold a hearing because the appellant failed to request one in a timely manner.  IAF, Tabs 6-9.

failing to protect personally identifiable information, in light of the appellant's admission about the matter.  RO, ¶ 6.  We also directed the administrative judge to further consider charge 3, redirecting veterans' benefits to other than intended claimants *and* improperly altering official Government documents, because the initial decision failed to discuss whether the agency proved the latter half of that charge.  RO, ¶ 7.  Finally, we instructed the administrative judge to apprise the appellant of the burdens of proof for race, sex, and disability discrimination, affirmative defenses that the appellant raised but the administrative judge failed to properly address.  RO, ¶ 8.

¶4      On remand, the administrative judge provided the appellant with the applicable burdens of proof for his affirmative defenses.  Remand File (RF), Tab 3.  After permitting the parties to submit additional argument and evidence, he issued a remand initial decision, upholding the appellant's removal.  RF, Tab 10, Remand Initial Decision (RID).  In that decision, the administrative judge found that the agency proved charges 2 and 3, the appellant failed to prove any of his affirmative defenses, and the penalty of removal was appropriate for the sustained charges.  RID at 5-15.  The appellant has filed a petition for review, which is currently before us.  Remand Petition for Review (RPFR) File, Tab 1.[3]  The agency has filed a response,[4] and the appellant has replied.  RPFR File, Tabs 3-4.

---

[3] In addition to his argument, the appellant's petition for review contains a significant amount of documentary evidence.  RPFR, Tab 1 at 11-68.  However, the appellant noted that these documents were already part of the record below.  *Id.* at 5; *see, e.g.*, IAF, Tab 1 at 26-35, 61-65, 84-85; *cf. Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  To the extent that this decision relies upon this evidence, we will exclusively cite to the record below, rather than the duplicates included with the appellant's petition.

[4] The agency's response also contains a significant amount of documentary evidence.  RPFR File, Tab 3 at 8-103.  Although the agency failed to explain its inclusion, this evidence also appears to be duplicative of evidence that the administrative judge considered below.  *See, e.g.*, IAF, Tab 5 at 121-207, 250-53; RF, Tab 8 at 19-60.  This decision will exclusively cite to evidence submitted below.

<u>The administrative judge properly concluded that the agency proved charge 2.</u>

¶5        Charge 2, failing to protect personally identifiable information, stemmed from the appellant reportedly sending a spreadsheet containing thousands of claimants' names, social security numbers, and agency file numbers to his and his wife's personal email accounts.  IAF, Tab 5 at 6, 36, 119; RF, Tab 8 at 19-60. While responding to his proposed removal, the appellant admitted that he engaged in the conduct underlying charge 2, explaining that he planned to use the information to work at home.  IAF, Tab 5 at 36, 51.  Among other things, he noted, "I usually scrub any [personally identifiable information] from any emails. However, in this instance, I wasn't really thinking about the [personally identifiable information] aspect of this email.  It was an honest oversight mistake."  *Id*. at 51.  In his Board appeal, the appellant reversed course, suggesting that any emails originating from his email account that contained personally identifiable information may have been manipulated by his supervisor. IAF, Tab 7 at 26; RF, Tab 2 at 1-2; RPFR File, Tab 1 at 7.

¶6        As we recognized in our prior remand order, an appellant's admission of a charge of misconduct can suffice as proof of the charge without additional proof. RO, ¶ 6 (citing *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014)).  In the remand initial decision, the administrative judge relied on the appellant's prior admission to find that the agency met its burden of proving charge 2 by preponderant evidence.  RID at 5.  Although the appellant has speculated, both below and on review, that his emails were tampered with, he has failed to present any corroborating evidence.  *E.g*., RPFR File, Tab 1 at 7.  He also has failed to explain his prior admission.  IAF, Tab 5 at 51.  Therefore, we discern no basis for disturbing the administrative judge's findings concerning charge 2, failing to protect personally identifiable information.

<u>We modify the administrative judge's rationale to supplement his conclusion that the agency proved charge 3.</u>

¶7        Charge 3 accused the appellant of "redirecting veterans' benefits to other than the intended claimant(s) and improperly altering official government documents."  IAF, Tab 5 at 6-7.  The charge included the following narratives:

> a. (1) On March 27, 2013, you updated the direct deposit account information of four claimants.  In processing award actions for these accounts, you failed to follow standard and proper administrative and claims processing procedures.  Your failure to do so resulted in $53,979.00 in unauthorized payments being issued as of August 4, 2014.  The particulars of each improperly adjusted claim are attached.
>
> b. (2) In the course of his investigation into whether you diverted [Veterans Administration (VA)] monies from various veterans to accounts belonging to someone other than the entitled VA claimants as well as these improperly adjusted claims and unauthorized payments [an] Inspector General Special Agent . . . discovered that your actions caused veteran direct deposit information to be changed to bank accounts not belonging to the intended veteran(s).  The changing of the direct deposit information resulted in fraudulent/unauthorized payments to individuals other than the intended VA claimants.  Neither the intended veteran claimant(s) nor their relative(s) received the payments.  You redirected benefits to other than those for [whom] they were intended.[5]

*Id*.

¶8        In his initial decision, which we remanded, the administrative judge found that the agency established, by preponderant evidence, that $53,979 was deposited to accounts of claimants other than those identified on the records based upon information inputted by the appellant.  ID at 8.  In his remand initial decision, the administrative judge implicitly adopted that prior finding, while also concluding that the agency proved that the appellant improperly altered

---

[5] Although the agency's charge is presented in a way that suggests there are two distinct specifications, the corresponding factual allegations are somewhat duplicative.  IAF, Tab 5 at 6-7.  Nevertheless, the overlap is inconsequential.  An agency is required to prove only the essence of its charge.  *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table).

Government documents. RID at 6-7. We modify the administrative judge's findings, as described below, to supplement his analysis.

¶9        To find that the agency met its burden, the administrative judge relied upon the written review of the relevant case files by an agency official, S.S., Coach of the Pension Management Center's Maintenance 1 Team. *Id..* According to S.S., who both processes claims and supervises others who do the same, the claim files of four individuals were improperly altered. IAF, Tab 5 at 250-53; RF, Tab 8 at 5-9. For example, while one claimant reported $5,039 in medical expenses, $35,000 in medical expenses was inputted to her claim file. RF, Tab 8 at 6. For that same claimant, $99,999,999 was inexplicably inputted as "other annual income." *Id.* Similar improper entries were made in the other three claimants' files at issue. *Id.* at 6-9.

¶10        In the remand initial decision, the administrative judge described the aforementioned discrepancies as attributable to the appellant. RID at 6-7. However, the actual report from S.S. is somewhat ambiguous as to whether these improper entries were made by the appellant, another individual, or a combination of them both. RF, Tab 8 at 5-9. Nevertheless, S.S. unambiguously attributes the improper alteration of direct deposit information for the four claimants and the resulting unauthorized payments to the appellant. *Id.* at 6-9; *see* IAF, Tab 5 at 212-14. These conclusions were subsequently echoed by another agency official, D.M., Assistant Pension Management Center Manager. RF, Tab 8 at 10-11. Accordingly, we modify the administrative judge's rationale to find that the agency proved charge 3 by establishing that the appellant improperly changed the direct deposit information in four claim files, which redirected veterans' benefits, without any basis for doing so. *See, e.g.*, RF, Tab 8 at 6-11.

¶11        In his petition for review, the appellant asserts that the agency initially accused him of directing benefits to friends and family, but later changed the accusation to simply directing benefits to improper locations. RPFR File, Tab 1 at 6. However, any prior characterization of his misconduct is inconsequential to

the charge before us.  *See Rodriguez v. Department of Homeland Security*, 117 M.S.P.R. 188, ¶ 8 (2011) (recognizing that the Board will not sustain an agency action on the basis of charges that could have been brought but were not); *Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 8 (2007) (recognizing that an agency is required to prove the charge as it is set out in the notice of proposed removal, and that the charge is construed by examining the structure and language of the proposal and decision notice), *aff'd*, 301 F. App'x 923 (Fed. Cir. 2008).  The agency's charge, as written, simply required proof that the appellant redirected veterans' benefits to "other than the intended claimants." IAF, Tab 5 at 6‑7, 72‑73.

¶12        The appellant next argues that the agency presented no evidence that he improperly altered official Government documents.  RPFR File, Tab 1 at 8.  In doing so, it seems that the appellant is directing us to the apparent absence of actual forms or screenshots showing the improper direct deposit account numbers at issue.  Although we are cognizant that the agency failed to present such evidence, we do not find it dispositive.

¶13        The agency was required to prove its charge by preponderant evidence.  5 U.S.C. § 7701(c)(1)(B).  Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).  As previously discussed, the agency provided investigatory summaries from agency officials that reviewed the pertinent claims and determined that the appellant altered the direct deposit information in four claimant files.  RF, Tab 8 at 6-11; IAF, Tab 5 at 212-14.  Although that evidence is not overwhelming, we find that it is entitled to significant weight under the circumstances, especially given the absence of a hearing or contradictory evidence.  *See generally Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (recognizing that the weight of hearsay evidence depends on factors such as the availability of persons with firsthand knowledge to testify at hearing,

whether a declarant was a disinterested witness, and whether there is any contradictory evidence). The appellant did not dispute the charge when previously presented with it; instead, he responded to the proposed removal by indicating that the claims were misprocessed and asserting that the matter should have been handled by his supervisory chain as a performance deficiency. IAF, Tab 5 at 51. Subsequently, in the instant Board appeal, he disputed the charge in general terms. *See, e.g.*, IAF, Tab 1 at 2, 4. However, his inconsistent and unsworn statements are not supported by documentary evidence or otherwise corroborated in a way that overcomes the investigatory findings and conclusions of agency officials.

¶14 Also concerning charge 3, the appellant alleges that the agency disciplined him for the misrouting of benefits, but failed to discipline anyone else for the same misconduct, despite this type of error being a common problem at the agency. RPFR File, Tab 1 at 6, 8. It is unclear what the appellant is intending by presenting this argument. The assertion could be construed as implicating the affirmative defenses addressed below—race-, sex-, and disability-based disparate treatment—or it could implicate the reasonableness of the penalty. Regardless, the argument is unavailing.

¶15 The only evidence the appellant identified in support of his general claim that he was treated differently is an August 2013 email.[6] IAF, Tab 1 at 37-38. That email cautions employees to be careful while inputting the names and addresses of beneficiaries into the agency's systems, indicating that there had been more than 10,000 payments worth more than $50,000,000 returned over the

---

[6] The appellant argues that this email shows that a substantial amount of money was returned "because of bad physical addresses, wrong direct deposit information, wrong routing numbers, and wrong name, and also duplicate payments for the same individual." RPFR File, Tab 1 at 8. In fact, the email in question reflects more than $50,000,000 returned due to bad addresses and another $8,000,000 returned for "bad address, deceased recipient, widow not receiving her letter until after the check has been received, etc." IAF, Tab 1 at 37. It says nothing about wrong direct deposit information, wrong routing numbers, wrong name, or duplicate payments.

prior months. *Id.*. Although the appellant would have us find this information relevant, we do not. Faulty addresses, no matter how common within the agency, are irrelevant to the appellant's charge of misconduct before us, which included the altering of claim files in a manner that resulted in unauthorized payments. RF, Tab 8 at 6-9.

¶16    In the absence of any other arguments concerning his affirmative defenses or the reasonableness of the penalty, we discern no basis for otherwise disturbing the administrative judge's well-reasoned findings. Therefore, we affirm the remand initial decision, as modified.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                         _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.