**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES PACKARD,<br>Appellant, | DOCKET NUMBER<br>SF-0752-16-0031-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>Agency. | DATE: September 1, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Packard, Pahrump, Nevada, pro se.

Karen D. Glasgow, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant held the position of Heavy Mobile Equipment Mechanic. Initial Appeal File (IAF), Tab 3, Subtab 4. His position required that he "possess, or be able to obtain within a reasonable amount of time, a valid Class A state Commercial Driver's License (CDL) with endorsements for air brakes and tankers." *Id*., Subtab 4j at 6. Between November 2014 and February 2015, the appellant's first-line supervisor instructed him on five separate occasions that he had to obtain the CDL. *Id*., Subtab 4f at 1-2. In April 2015, the supervisor advised the appellant of a CDL training class he could attend at his own expense and ordered him to obtain a CDL by May 28, 2015. IAF, Tab 3, Subtab 4f at 2, Subtab 4h. In May 2015, the supervisor warned the appellant that if he did not obtain a CDL before the deadline, he would be disciplined with an action up to a removal. IAF, Tab 3, Subtab 4f at 2. The appellant responded, "[D]o what you got to do." IAF, Tab 3, Subtab 4e at 1, Subtab 4f at 2. He did not take the class or obtain a CDL by the May 2015 deadline. However, he obtained a commercial driver's permit on June 16, 2015. IAF, Tab 3, Subtab 4e. Effective September 11, 2015, the agency removed the appellant based on the following two charges:

(1) refusal to meet a condition of employment;[2] and (2) insubordination. IAF, Tab 3, Subtab 4, Subtab 4c at 1-3.

¶3    The appellant appealed his removal to the Board and did not request a hearing. IAF, Tab 1 at 1-6. He disputed the agency's charges and the reasonableness of the penalty and claimed age discrimination. IAF, Tab 1 at 5-6, Tab 8. Specifically, he argued that the agency denied him a reasonable amount of time to obtain a CDL and that he had been trying to obtain a CDL in good faith. IAF, Tab 1 at 5-6, Tab 8. He also alleged that, during the 1-month "ultimatum," he had the additional stress of "handling the workload" of three positions. IAF, Tab 8. He further alleged that the agency denied him the "drive time" necessary to obtain driving experience for the CDL. *Id.* The administrative judge apprised the appellant of his burden of proving an affirmative defense of age discrimination and ordered him to submit evidence and argument in support of this claim. IAF, Tab 4 at 3-8.

¶4    In an initial decision based on the written record, the administrative judge affirmed the removal action. IAF, Tab 11, Initial Decision (ID) at 1, 10. She sustained both charges, found a nexus between the sustained misconduct and the efficiency of the service, found that the agency considered the relevant *Douglas* factors,[3] and found the penalty of removal to be within the tolerable limits of reasonableness. ID at 5-10. She also denied the appellant's affirmative defense of age discrimination because she found that he did present any evidence of age discrimination and failed to respond to the affirmative defense order.[4] ID at 10; IAF, Tab 4 at 3, 7-8.

---

[2] The agency interchangeably used the terms "failure" and "refusal" in describing its charge. IAF, Tab 3, Subtab 4, Subtab 4c at 1-2, Subtab 4f at 1.

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

[4] The appellant alleges on review that he did not raise an age discrimination claim. Petition for Review File, Tab 1 at 6. We find that the administrative judge properly

¶5    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved its charge of failure to meet a condition of employment.

¶6    In order to prove a charge of failure to meet a condition of employment, an agency must establish the following two elements:  (1) the requirement at issue is a condition of employment; and (2) the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014).  Absent evidence of bad faith or patent unfairness, the Board defers to the agency's requirements that must be fulfilled for an individual to qualify for appointment to, or to retain, a particular position.  *Id.*

¶7    The administrative judge found that the agency proved its charge of failure to meet a condition of employment.  ID at 5-6.  Specifically, she found that the appellant was required to obtain, or be able to obtain within a reasonable amount of time, a CDL as a condition of employment as a Heavy Mobile Equipment Mechanic.  ID at 5; IAF, Tab 3, Subtab 4j at 6.  She further found that, despite receiving over 6 months to obtain a CDL, the appellant failed to obtain it by the May 2015 deadline, or even by the time he received the notice of proposed removal in August 2015.  ID at 5-6; IAF, Tab 3, Subtab 4f at 6, Subtab 4h at 1.

¶8    In his petition for review, the appellant does not challenge the administrative judge's findings that obtaining a CDL was a condition of his employment and that he failed to obtain one.  PFR File, Tab 1 at 4-6.  However,

decided this issue after it was raised by the appellant.  IAF, Tab 1 at 6, Tab 3, Subtab 4e; *see Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010) (stating that, when an appellant alleges facts that reasonably raise an affirmative defense, the administrative judge must address the affirmative defense in any close of record order or prehearing conference summary and order).  The administrative judge identified this issue during the close of record conference.  IAF, Tab 7 at 2.  In the resulting order, she again identified the appellant's age discrimination claim and provided the parties with an opportunity to object to the order.  *Id.*  The appellant did not object regarding this issue.  IAF, Tab 8.

he reasserts that the agency denied him a reasonable amount of time to obtain a CDL. *Id.* at 4. Specifically, he alleges that he had the additional stress of performing the work of three positions during the relevant time period. *Id.* He also asserts that it was the agency's standard procedure to provide a truck and a driver for an employee's CDL training. *Id.* at 6. He further contends that he spent the time prior to the May 2015 deadline waiting to see whether his supervisor, who was a CDL instructor, could provide him with CDL training. *Id.*

¶9 We find that the appellant received a reasonable amount of time to obtain a CDL. The appellant does not dispute his supervisor's statement that they first discussed his need to obtain a CDL in November 2014. IAF, Tab 3, Subtab 4f at 1. Thus, the appellant had over 6 months, from November 2014 to the May 2015 deadline, to obtain a CDL. The appellant provided no specific evidence to support his claim that the agency had a standard procedure of providing employees with CDL training, or that the agency, including his supervisor, had an obligation to provide him with the necessary training. PFR File, Tab 1 at 6. In fact, he admits that a prior permit lapsed because the agency "didn't give [him] the drive time," which indicates that he was responsible for obtaining this training. IAF, Tab 8. Further, the appellant does not explain how the stress of an allegedly heavy workload precluded him from obtaining a CDL on his own time within 6 months. Therefore, we find that 6 months was a reasonable amount of time for the appellant to obtain a CDL.

¶10 The appellant also alleges that his supervisor had an "agenda" to remove him. PFR File, Tab 1 at 4. To the extent he is alleging that the agency's application of the employment condition was patently unfair or based on bad faith, we find that he has not provided any supporting evidence. Thus, we find that the agency proved its charge of failure to meet a condition of employment.

The agency proved its charge of insubordination.

¶11 Insubordination is the willful and intentional refusal to obey an authorized order of a superior officer that the officer is entitled to have obeyed. *Parbs v.*

*U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 13 (2007), *aff'd per curiam*, 301 F. App'x 923 (Fed. Cir. 2008). It requires proof of intent, which is a state of mind that is generally proven by circumstantial evidence in the context of an insubordination charge. *Id.* Circumstantial evidence is "based on inference and not on personal knowledge or observation." *Black's Law Dictionary* 636 (9th ed. 2009). In considering whether the agency has proven intent, the Board must examine the totality of the circumstances. *Parbs*, 107 M.S.P.R. 559, ¶ 13.

¶12       The administrative judge found that the agency proved its charge of insubordination. ID at 6-7. Specifically, she found that the supervisor ordered the appellant to obtain a CDL by the May 2015 deadline and that the appellant was required to obey the order. ID at 6; IAF, Tab 3, Subtab 4h at 1. She further found that, based on the circumstantial evidence, the appellant acted willfully in failing to comply with the order. ID at 6.

¶13       On review, the appellant does not challenge the administrative judge's finding that he was required to obey his supervisor's order. PFR File, Tab 1 at 4‑6. Instead, he argues that he did not intentionally disobey the order because he was "working in good faith" to obtain a CDL. *Id.* at 6. He asserts that the fact that he obtained his commercial driver's permit demonstrates his good faith. *Id.* at 4. He also alleges that he told his supervisor that he was not capable of obtaining a CDL before the deadline because it was not enough time, but that he would try to obtain it as soon as possible. *Id.* Further, he disputes the following pieces of circumstantial evidence that the administrative judge relied on in finding intent: (1) his statement that there were other employees who already had CDLs; and (2) the absence of evidence that he proposed a plan to his supervisor to obtain CDL training. *Id.* at 5; ID at 7.

¶14       We find that the circumstantial evidence establishes that the appellant understood his supervisor's order to obtain a CDL by May 28, 2015, and that he refused to comply. IAF, Tab 3, Subtab 4h at 1. The appellant admitted to saying, "[D]o what you got to do," in response to his supervisor's warning that he would

issue discipline up to a removal if the appellant did not take action to obtain a CDL. IAF, Tab 3, Subtab 4e at 1, Subtab 4f at 2. Thus, we find that he understood that he had to obtain a CDL before the deadline, or face discipline. He also stated that, at first he considered taking the recommended CDL training class, but when he found out the agency would not cover the cost, he told his supervisor that obtaining a CDL in a month "just couldn't happen" and that he would "get it the standard way." IAF, Tab 3, Subtab 4e at 1. Thus, the circumstantial evidence shows that the appellant understood his supervisor's order and that he intentionally disobeyed it. *See Blocker v. Department of the Army*, 6 M.S.P.R. 467, 469-70 (1981) (finding that the agency established the requisite intent for an insubordination charge by showing that the appellant understood the order and refused to obey).

¶15     We disagree with the appellant that the fact that he obtained a commercial driver's permit on June 16, 2015, over 2 weeks past the deadline, establishes that he lacked the intent to disobey the order. PFR File, Tab 1 at 4. Further, we find that the administrative judge properly relied on the appellant's statement in response to the notice of proposed removal that there were other employees who already had CDLs, and the absence of evidence that the appellant proposed a plan to his supervisor to obtain CDL training, as valid circumstantial evidence supporting an inference that the appellant did not intend to obtain a CDL. IAF, Tab 3, Subtab 4e at 1. For these reasons, we find that the agency proved its charge of insubordination.

¶16     Accordingly, we find that the administrative judge properly affirmed the agency's removal action.[5]

---

[5] The appellant does not challenge, and we find no error in, the administrative judge's findings that a nexus exists between the sustained misconduct and the efficiency of the service, the agency considered the relevant *Douglas* factors, and the penalty of removal is within the bounds of reasonableness. ID at 7-10.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, NE
> Suite 5SW12G
> Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.