**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CONSTANCE GERALDINE BROWN, <br> Appellant, | DOCKET NUMBER <br> DC-0752-17-0799-I-1 |
| v. | |
| DEPARTMENT OF <br>    TRANSPORTATION, <br> Agency. | DATE: May 3, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Constance Geraldine Brown, Alexandria, Virginia, pro se.

Jose Ortiz, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her 30-day suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the analysis of the insubordination charge, we AFFIRM the initial decision.

## BACKGROUND

The agency employed the appellant as a Contract Specialist in the Acquisition and Contracting Office of its Federal Aviation Administration (FAA). Initial Appeal File (IAF), Tab 6 at 4. Her duties included administering the FAA's contract with Global Engineering & Management Services (GEMS). *Id.* at 18. The GEMS contract provides contractor support for the FAA's Next Generation Air Transportation System (NextGen) program, which is one of the FAA's top priorities. IAF, Tab 7 at 42.

On July 10, 2017, the agency proposed the appellant's suspension for 30 calendar days based on the charge of insubordination. IAF, Tab 6 at 18-21. Specifically, the agency alleged that the appellant refused to sign a GEMS contract modification authorizing the hiring of contractor support staff for the NextGen program because she believed that doing so would violate a January 23, 2017 Presidential Memorandum[2] instituting a Federal hiring freeze.[3] *Id.* at 18.

___

[2] The parties at times incorrectly refer to the January 23, 2017 issuance by the President as an Executive Order, but it was issued as a Presidential Memorandum. IAF, Tab 25 at 30-31.

[3] The appellant first refused to sign the contract modification in February 2017, resulting in a 14-day suspension, which she served from April 4 through April 17, 2017.

The agency attached evidence to its proposal notice showing that the appellant sought and received advice from managers and legal opinions from attorneys within the FAA's Office of Chief Counsel who determined that performing the contract modification as requested would not violate the Presidential Memorandum that instituted the hiring freeze. *Id.* at 22-46. The agency additionally attached an April 12, 2017 memorandum that lifted the President's hiring freeze. *Id.* at 48-49. The appellant replied to the proposal notice, reiterating her belief that the hiring of contractor support staff as requested would violate the President's hiring freeze. *Id.* at 16. She also argued that she already had been disciplined for the same action. *Id.* at 15. After considering her reply, the deciding official sustained the 30-day suspension, effective August 31 through September 29, 2017. *Id.* at 6-9.

The appellant filed an appeal of the suspension and requested a hearing. IAF, Tab 1 at 2-3. During the proceedings below, however, she refused to participate in discovery. IAF, Tab 19. Consequently, the administrative judge granted the agency's motion for sanctions concerning discovery. *Id.* Thereafter, the appellant failed to attend the prehearing conference or file a prehearing submission. IAF, Tab 24. As a result, the administrative judge canceled the hearing, notified the appellant that the appeal would be decided on the written record, and provided the parties an opportunity to submit additional evidence prior to the close of the record. *Id.* In response, the agency filed a closing brief. IAF, Tabs 25-26.

Based on the written record, the administrative judge issued an initial decision affirming the 30-day suspension. IAF, Tab 29, Initial Decision (ID). She found that the appellant's refusal to sign the contract modification constituted insubordination and that the agency proved its charge. ID at 4-6. She further found that the penalty was within the bounds of reasonableness. ID at 7. As to the appellant's claim that the suspension was duplicative considering she already

IAF, Tab 7 at 4, 6.

had served a 14-day suspension for failing to execute the same contract, the administrative judge found that the agency's use of progressive discipline in the hope of rehabilitating the appellant did not give her license to repeat her misconduct with impunity once she had been disciplined for her first offense.  ID at 6-7.  The administrative judge also found that, although the appellant's refusal related to the same contract, there were two or more separate and distinct incidents in which she knowingly refused to follow orders.  ID at 7.  She reasoned that the appellant's belief that, once she served the first suspension, she was immune from discipline for future repeated misconduct was unfounded as well as nonsensical.  *Id.*

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Insubordination is the willful and intentional refusal to obey an authorized order of a superior officer that the officer is entitled to have obeyed.  *See Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 13 (2007), *aff'd per curiam*, 301 F. App'x 923 (Fed. Cir. 2008).  It requires proof of intent, which is a state of mind that generally is proven by circumstantial evidence in the context of an insubordination charge.  *Id.*  Unless the order is clearly unlawful, an employee must first obey the order and then challenge its validity—even when there is substantial reason to believe that an order is improper—except in extreme or unusual circumstances in which the employee would be placed in a clearly dangerous situation or which would cause her irreparable harm.  *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶¶ 16-18, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009); *see Parbs*, 107 M.S.P.R. 559, ¶ 19.  This rule reflects the fundamental management right to expect that its decisions will be obeyed and its instructions carried out.  *Pedeleose*, 110 M.S.P.R. 508, ¶ 16.

Here, the administrative judge properly found, and the appellant does not dispute, that the appellant willfully and intentionally refused the agency's order to execute the contract. ID at 6. She further found that, even if the appellant believed the order to be unlawful, she should have followed the order and taken steps to challenge its validity through the appropriate internal channels. *Id.* Although the appellant generally disagrees with this determination on review, she has shown no basis to disturb it. PFR File, Tab 1 at 1-2. Specifically, she has failed to show that the agency's order was clearly unlawful. Indeed, the appellant's only objection to obeying the order was her belief that it violated the January 23, 2017 Presidential Memorandum instituting a hiring freeze, which she concedes had since been lifted. *Id.* at 2; IAF, Tab 6 at 49. Moreover, she had received legal opinions from the FAA's Office of Chief Counsel informing her that the agency's order did not violate the January 23, 2017 Presidential Memorandum. IAF, Tab 6 at 28-29. Further, she has failed to show that executing the contract would have placed her in a clearly dangerous situation or caused her irreparable harm. Under these circumstances, the appellant was not justified in refusing to obey the order, and the administrative judge correctly sustained the charge of insubordination. *See Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 15 (2009) (finding that, even when the appellant believed that an order was improper because the agency had not complied with its labor relations obligations, he still was required to first comply with the order and then register his complaint or grievance), *aff'd*, 402 F. App'x 521 (Fed. Cir. 2010).

On review, the appellant continues to argue that she is being disciplined twice for the same misconduct. PFR File, Tab 1 at 1-2. We are not persuaded by this argument, however, because the appellant's misconduct here, although relating to the same contract, is separate and distinct from the misconduct for which she served a 14-day suspension. *See Bowen*, 112 M.S.P.R. 607, ¶ 13 (finding that a letter of reprimand for misconduct committed on March 6, 2008, was distinguishable from a removal proposal based on insubordinate conduct on

different dates in February and March of 2008). In addition, we find that the administrative judge properly concluded that the suspension penalty was within the bounds of reasonableness.[4] ID at 7 (citing *Redfearn v. Department of Labor*, 58 M.S.P.R. 307, 316 (1993)).

Accordingly, we affirm the 30-day suspension.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[4] When the appellant engaged in the conduct at issue here, 5 U.S.C. § 2302(b)(9)(D) made it a prohibited personnel practice to take an action against an employee for "refusing to obey an order that would require the individual to violate a law." IAF, Tab 6 at 18. On June 14, 2017, after the appellant engaged in the conduct at issue here but before the agency issued the notice of a proposed 30-day suspension, the President signed into law the Follow the Rules Act, which amended section 2302(b)(9)(D) by making it a prohibited personnel practice to take an action against an employee for "refusing to obey an order that would require the individual to violate a law, rule, or regulation." Pub. L. No. 115-40, 131 Stat. 861 (2017). Regardless of which section 2302(b)(9)(D) applies, and even if the January 23, 2017 Presidential Memorandum constituted a law, rule, or regulation under the applicable section, we find that the agency's order was lawful because the hiring freeze instituted by the January 23, 2017 Presidential Memorandum was lifted on April 12, 2017, and, thus, not in effect when the appellant was given the order to execute the contract modification at issue. IAF, Tab 6 at 48-49. Accordingly, to the extent that the appellant contends that the agency committed a prohibited personnel practice and violated the Whistleblower Protection Enhancement Act of 2012 when it ordered her to execute the contract modification, we find the argument unavailing.

[5] On review, the appellant submits alleged new evidence in the form of an email communication dated January 30, 2017, and the initial decision in this matter. PFR File, Tab 1 at 3-19. However, this evidence is included in the record below and provides no basis to disturb the initial decision. IAF, Tab 25 at 38-39; ID; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (holding that evidence that is already a part of the record is not new).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        *Gina K. Grippando*
                 _____
                 Gina K. Grippando
                 Clerk of the Board

Washington, D.C.