**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SEAN A. BRISBANE, | DOCKET NUMBER |
|      Appellant, | DE-0752-20-0072-I-1 |
|   v. | |
| DEPARTMENT OF THE ARMY, | DATE: August 6, 2024 |
|      Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice L. Jackson, Leavenworth, Kansas, for the appellant.

Stephen D. Kort, Esquire, Kansas City, Missouri, for the appellant.

Kristine Hale Bell, Fort Leavenworth, Kansas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to incorporate the appropriate standards for the appellant's claims of disability discrimination and reprisal for equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

The following facts, as further detailed in the initial decision, are not disputed. The appellant most recently held the position of Management and Program Analyst. Initial Appeal File (IAF), Tab 53, Initial Decision (ID) at 2. He had a tumultuous relationship with his supervisor, which became especially problematic around October 2018. ID at 2-6. Ultimately, the agency initiated an Army Regulation (AR) 15-6 investigation about the appellant's conduct. IAF, Tab 4 at 135-38. The agency completed that investigation in December 2018. ID at 6-7; IAF, Tab 4 at 119-32.

In May 2019, the agency proposed the appellant's removal. ID at 8; IAF, Tab 4 at 88-104. After the appellant responded, the deciding official removed him, effective October 2019. ID at 8; IAF, Tab 4 at 36, 48-54.

The appellant filed the instant appeal to challenge his removal. IAF, Tab 1. The administrative judge developed the record and held a 4-day hearing before issuing a decision that upheld the removal action. For the agency's first charge, behavior that caused anxiety in the workplace, the administrative judge sustained specifications 2, 3, 4, 7, 9, 10, and 13, but not specifications 1, 5, 6, 8, 11, and

14.[2]  ID at 9-31.  For the second charge, inappropriate behavior, the administrative judge sustained specifications 3, 6, 7, 8, 9, and 11, but not specifications 1, 2, 4, 5, 10, and 12.  ID at 31-45.  For the third and final charge, refusal to testify or cooperate in an investigation, the administrative judge sustained the only specification.  ID at 45-49.

The administrative judge also considered but rejected the appellant's affirmative defenses, which included harmful procedural error, ID at 49-56, disability discrimination, ID at 56-64, reprisal for EEO activity, ID at 64-68, and reprisal for whistleblowing, ID at 68-77.  Finally, the administrative judge found that the agency established the requisite nexus and reasonableness of its penalty. ID at 77-80.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He challenges the administrative judge's findings regarding each charge and each affirmative defense.  *Id*.  However, the appellant does not challenge the administrative judge's findings regarding nexus or the reasonableness of the penalty.  The agency has filed a response to the appellant's petition.  PFR File, Tab 3.

The administrative judge properly sustained the agency's charges.

The administrative judge did not sustain all underlying specifications, but she did sustain all of the agency's charges.  ID at 9-49; *see Greenough v. Department of the Army*, 73 M.S.P.R. 648, 657 (1997) (recognizing that proof of one or more of the supporting specifications is sufficient to sustain a charge). The appellant has presented arguments on review regarding each charge, so we will address them in turn.

*Charge 1 – Behavior that caused anxiety in the workplace*

The administrative judge sustained specifications 2, 3, 4, 7, 9, 10, and 13 of this charge, which are fully recounted in the proposal notice and the initial

---

[2] The deciding official did not sustain specification 12, so the administrative judge did not consider that specification.  IAF, Tab 4 at 48.

decision. ID at 9-31; IAF, Tab 4 at 95-96. Broadly speaking, the administrative judge made well-reasoned and detailed explanations for why she was persuaded by documentary evidence and other witness testimony for these specifications, and why she did not find the appellant's denials credible. *E.g.*, ID at 11-16. For example, the administrative judge explained how the appellant provided testimony contrary to clear and unambiguous documentary evidence, ID at 11-12, how he provided testimony that was internally inconsistent, ID at 13-14, and how he displayed inappropriate behavior during the hearing that was more consistent with the agency's allegations than the appellant's denials of the same, ID at 19-20.

On review, the appellant has described a few facts that seem to implicate this charge as he argues that the administrative judge did not adequately discuss or account for them in her initial decision. PFR File, Tab 1 at 5-7. For example, the appellant argues that his supervisor has posttraumatic stress disorder (PTSD), but that this was not accounted for when considering her interpretation of the appellant's behaviors. PFR File, Tab 1 at 6. Although we have considered these arguments, we do not find them persuasive. The administrative judge's failure to mention all the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, the appellant is effectively asking that we overturn the administrative judge's credibility findings for the sustained specifications, but he has not presented sufficiently sound reasons for us to do so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

The appellant's next argument regarding the first charge is that the administrative judge erred by refusing to apply the elements of a threat charge. PFR File, Tab 1 at 8-11; ID at 10 n.2. We decline to look past the language of the charge and accompanying specifications, which do not reference any "threat." To the extent that the appellant seeks that we consider the language of the AR 15-6 report that preceded his proposed removal, which did include the word "threat," PFR File, Tab 1 at 10; *compare* IAF, Tab 4 at 94-96 (charging the appellant with "behavior that caused anxiety in the workplace"), *with id*. at 119-32 (AR 15-6 report, describing the agency's "threat assessment" of the appellant), we will not do so.

An agency is required to prove the charge as it is set out in the notice of proposed removal, not some other offense that might be sustainable by the facts of the case. *Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 8 (2007), *aff'd* 301 F. App'x 923 (Fed. Cir. 2008). Accordingly, the agency was not required to prove the elements of a threat charge because it did not charge him with making a threat. *See Gray v. Government Printing Office*, 111 M.S.P.R. 184, ¶ 11 (2009) (explaining that an agency need not prove the elements of a threat charge when it brings a charge such as making statements that caused anxiety and disruption in the workplace); *Sands v. Department of Labor*, 88 M.S.P.R. 281, ¶ 13 (2001) (recognizing that a charge of "threatening conduct" and a charge of making "statements that resulted in anxiety and disruption in the workplace" are distinct and only the threat charge requires proof of intent).

*Charge 2 – Inappropriate behavior*

For the agency's second charge, the administrative judge sustained specifications 3, 6, 7, 8, 9, and 11. ID at 31-45. On review, the appellant's argument about this charge mirrors the argument he presented for the first charge. According to the appellant, the agency's charge of inappropriate behavior should be interpreted as a threat charge and should require proof of his intent. PFR File, Tab 1 at 12-13. This argument fails for the same reasons discussed above. The

agency labeled its charge "inappropriate behavior," and the underlying specifications describe the same; none allege that he made a threat. IAF, Tab 4 at 96-98. Accordingly, the agency was not required to prove the elements of a threat charge. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (explaining that a charge of conduct unbecoming or improper conduct has no specific elements of proof, but is established by proving that the employee committed the acts alleged in support of the broad label).

*Charge 3 – Refusal to testify or cooperate in an investigation*

For the agency's third and final charge, the administrative judge sustained the only specification, which described how the appellant repeatedly refused to be interviewed in concert with the agency's investigation. ID at 45-49. Among other things, she relied on contemporaneous memos about the events surrounding the appellant's refusal to cooperate as the agency repeatedly tried to interview him for its investigation. IAF, Tab 4 at 168-77.

On review, the appellant does not argue that he cooperated in the investigation. He instead argues that the agency's charge must fail because, according to the appellant, the agency failed to comply with AR 15-6 guidelines regarding the location of the investigatory interview and notice that he was the subject of the investigation.[3] PFR File, Tab 1 at 12 (referencing IAF, Tab 18 at 26-27). The administrative judge discussed these matters as she sustained the charge. Among other things, she described evidence showing that the investigator accommodated the appellant's various objections, including ones about the location of the interview and the presence of a note taker. ID at 46-48; *e.g.*, IAF, Tab 4 at 168-77. The administrative judge also described how the information provided by the investigator, along with other surrounding circumstances, satisfied the requirements of AR 15-6, which merely provides that

---

[3] The appellant has attempted to frame this argument as one regarding the agency's burden of proving the charge, rather than his burden of proving a harmful procedural error. Either way, the argument is unavailing.

the investigating officer will ordinarily inform witnesses of the nature of the investigation. ID at 48; *e.g.*, IAF, Tab 16 at 36. Although the appellant has summarily asserted that the agency acted improperly as it attempted to question him for its investigation, he has not presented persuasive argument or evidence of the same and he has not shown that the administrative judge erred in sustaining this charge.

The appellant failed to prove his affirmative defenses.

The administrative judge found that the appellant failed to prove his affirmative defenses of harmful procedural error, ID at 49-56, disability discrimination, ID at 56-64, reprisal for equal employment opportunity (EEO) activity, ID at 64-68, and reprisal for whistleblowing, ID at 68-77. As further detailed below, the appellant's petition for review presents no basis for us to reach a contrary conclusion.

*Harmful procedural error*

Harmful error is a procedural error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r). The burden is on the appellant to show that that the agency committed the error, but also that the error was harmful, i.e., that it caused substantial harm or prejudice to his rights. *Id.*; 5 C.F.R. § 1201.56(c)(1). Harmful error cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

The administrative judge considered and rejected several claims of harmful procedural error, including a claim that the agency erred by relying on some misconduct that was years old by the time of his proposed removal. ID at 49-50.

She also considered claims that the agency violated internal policies regarding the appointment of an appropriate investigating officer, ID at 50-52, conflicts of interest, ID at 52-53, protection of the interview process, ID at 53, the appointment memorandum for the investigation, ID at 54, the agency's lack of a local workplace violence policy, ID at 54-55, and the agency's treatment of the appellant's employment after its investigation but before his proposed removal, ID at 55-56.

For the most part, the administrative judge found that the appellant failed to prove the errors he alleged. ID at 49-54. However, for his last harmful error claims, regarding the lack of local workplace violence policy and his employment status in the period leading up to his proposed removal, the administrative judge simply found that even if the agency erred, the appellant failed to prove that the error was harmful. ID at 54-56.

On review, the appellant reasserts several of his harmful error claims. PFR File, Tab 1 at 12-17. For example, he once again contends that the agency erred by relying in part on misconduct that was years old by the time of his proposed removal. *Id*. at 13. Yet the appellant has not directed us to any associated policy or other prohibition. He has instead directed us to Board precedent that is inapplicable. *Id*. (referencing, e.g., *Metz v. Department of the Treasury*, 780 F.2d 1001, 1004 (Fed. Cir. 1986)). In another example, the appellant directs us to the agency's policy regarding the appointment of an appropriate investigating officer, including a provision indicating that the agency should appoint "the best qualified person." PFR File, Tab 1 at 14-15 (referencing IAF, Tab 18 at 22). According to the appellant, the agency violated that provision because it appointed someone as investigating officer who had only recently been promoted to the GS-13 level and had not ever conducted a similar investigation. PFR File, Tab 1 at 15. However, the appellant has not presented any explanation of how this was harmful, even if we were to find that the agency erred.

We have considered each of the appellant's other arguments pertaining to his harmful procedural error claims but find that they fail for similar reasons. Therefore, we agree with the administrative judge's conclusion that the appellant failed to meet his burden of proving any harmful procedural error.

*Disability discrimination*

The administrative judge construed the appellant's arguments pertaining to disability discrimination as consisting of a disparate treatment claim and a failure-to-accommodate claim. ID at 57. She found that the appellant failed to prove either. ID at 57-64. As further detailed below, we modify the initial decision to recognize the proper standard for the disparate treatment claim, while reaching the same conclusions.

Regarding the appellant's allegation of disparate treatment, the administrative judge relied on the standards provided in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) and *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 21 (2013). ID at 60-61. However, during the period that followed the initial decision in this appeal, the Board has clarified that those cases do not provide the appropriate analytical framework. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 31; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 42.

Under the appropriate standard, the Board first determines whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action, and if so, whether the agency has shown by preponderant evidence that it would have taken the contested action in the absence of the discriminatory motive. *Pridgen*, 2022 MSPB 31, ¶ 42. We agree with the administrative judge that the appellant failed to prove that his disability—PTSD and a traumatic brain injury—was a motivating factor in the removal action, thereby making findings that are

dispositive under the correct standard.[4] ID at 61. Among other things, the administrative judge rejected the appellant's arguments about some of his misconduct being a manifestation of his disability as well as his arguments that coworkers perceived his conduct through stereotypes about his disability. ID at 61-64.

Regarding the failure-to-accommodate claim, the administrative judge properly recognized that an agency has certain obligations regarding reasonable accommodations. ID at 58. She also recognized that the facts of this case included the appellant requesting a reasonable accommodation in late 2018 and the agency granting an accommodation in early 2019, but never working under those accommodations before his removal because he was on administrative leave. ID at 58-59. While the appellant argued that the agency was obligated to take him off administrative leave and allow him to work under the new accommodations in the period leading up to his removal, the administrative judge disagreed. ID at 59.

On review, the appellant has presented several challenges to the administrative judge's findings regarding disability discrimination. PFR File, Tab 1 at 17-20. However, these largely consist of the appellant expressing disagreement with the administrative judge's findings, but doing so without identifying any evidentiary or legal support. To illustrate, the appellant simply reasserts that the agency discriminated by failing to return him to a duty status during the period between its approval of a reasonable accommodation and his removal. *Id*. at 17. He also summarily states that a judge from the Equal Employment Opportunity Commission once ruled in his favor, so the administrative judge should have found that the appellant proved discrimination in this appeal. *Id*. at 18. These arguments are not persuasive, and they do not meet the Board's requirements for further review. *See* 5 C.F.R. § 1201.114(b)

---

[4] Because we find that the appellant failed to prove that his disability was a motivating factor in his removal, we need not reach the question as to whether it was a but-for cause. *Pridgen*. 2022 MSPB 31, ¶ 42.

(providing that a petition for review must state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations); *see also Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (determining that, before the Board will undertake a complete review of the record, a petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error).

Aside from the initial decision, the only thing the appellant has directed us to in his arguments about disability discrimination is a few documents from the record below. PFR File, Tab 1 at 19-20 (citing IAF, Tab 4 at 94, 131, 195, 210, Tab 5 at 46-48). These include portions of the proposal to remove him, IAF, Tab 4 at 94, and the AR 15-6 investigatory report, *id*. at 131, along with a couple of sworn statements from coworkers indicating that the appellant had a tumultuous relationship with a particular agency official, *id*. at 193-94, 209-10, and an email chain in which the appellant presented a variety of complaints about the agency, IAF, Tab 5 at 46-48. Although we have reviewed each of these documents, we find no basis for concluding that they meaningfully contribute to the appellant's burden. Therefore, we agree with the administrative judge's conclusion that the appellant has not proven that his disability was a motivating factor in his removal or that the agency failed to meet its obligations concerning reasonable accommodation.

*EEO reprisal*

During the period that followed the initial decision in this appeal, the Board also clarified the proper standard for claims of EEO reprisal, noting that the standard differs depending on whether the claim arises under Title VII or the Rehabilitation Act. Reprisal claims arising under Title VII are subject to the burden shifting scheme previously discussed. *Pridgen,* 2022 MSPB 31, ¶ 33. However, in a reprisal claim arising under the Rehabilitation Act, there is no

burden shifting; the appellant must prove but-for causation in the first instance. *Id.*, ¶ 47.

The administrative judge applied the standard that applies to reprisal claims arising under Title VII. ID at 64-66. She should have instead applied the more stringent standard since the appellant's EEO activity arose under the Rehabilitation Act. *See*, *e.g.*, IAF, Tab 4 at 39, 43, Tab 12 at 85. Nevertheless, because the administrative judge found that the appellant failed to meet the lesser motivating factor standard, and we agree, the appellant necessarily failed to meet the more stringent but-for standard.

The administrative judge acknowledged that numerous agency officials had knowledge of the appellant's EEO complaints, including the proposing and deciding officials. ID at 66. She also acknowledged that one agency official had acted inappropriately by discussing one of the appellant's prior EEO complaints with another employee. ID at 67. However, she found that there was little else to support the appellant's burden of proof and the record instead supported a conclusion that the EEO complaint and removal were unrelated. ID at 66-68. The administrative judge provided several reasons for this, with one being the fact that the appellant's supervisor issued a counseling letter about the appellant's behavior months before his EEO complaint. ID at 67; *see* IAF, Tab 4 at 43, 178-79.

On review, the appellant argues that the administrative judge's finding about the timing of the counseling memo and EEO complaint is "totally false." PFR File, Tab 1 at 20-21. However, he then describes other things that reportedly occurred prior to the counseling memo or his EEO complaint, including the agency subjecting him to prior investigations. *Id.* at 21. It seems that the appellant is insinuating that the appellant's supervisor knew about these prior matters and that somehow supports his EEO reprisal claim. We disagree. The appellant's arguments on review disagree with the administrative judge's

findings, but they do not support a conclusion that his EEO activity was either a motivating factor in or a but-for cause of his removal.

*Whistleblower reprisal*

In an adverse action appeal such as this, an appellant's claim of whistleblower reprisal is treated as an affirmative defense. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 11 (2016). In such instances, once the agency proves its adverse action case by a preponderance of the evidence, the appellant must show by preponderant evidence that he made a disclosure protected by 5 U.S.C. § 2302(b)(8) or engaged in activity protected by 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and that the disclosure or activity was a contributing factor in his removal. *Id.* (explaining this burden for disclosures protected under section 2302(b)(8)); *see Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015) (recognizing that the same standard applies to certain activities protected under section 2302(b)(9)).

If an appellant meets his burden, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the protected disclosures or activities. *Campbell*, 123 M.S.P.R. 674, ¶ 12. In determining whether the agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. *Id*. (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence; rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Id*. Further, the U.S. Court of Appeals for the Federal Circuit has added that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate

considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

Below, the administrative judge relied on this standard and found that the appellant met his burden of proof regarding one disclosure—a June 2018 email containing a litany of accusatory questions about many topics, ranging from appraisal awards and nepotism to enforcement of leave policies and illegal parking. ID at 67-72; *see* IAF, Tab 5 at 46-47. Although the appellant argued that he made other protected disclosures and engaged in other protected activities, the administrative judge disagreed. ID at 69-72. The administrative judge then shifted the burden to the agency and found that it proved that the agency would have taken the same removal action in the absence of the appellant's June 2018 email. ID at 73-77.

On review, the appellant first argues that he met his burden of proof regarding another disclosure contained in a series of correspondence between union and management officials in and around May 2018. PFR File, Tab 1 at 22-23 (referencing IAF, Tab 15 at 5-19). The administrative judge recognized that the correspondence contained a protected disclosure by the union official, but she found no proof that the appellant made the disclosure or was perceived to have done so. ID at 70. In his petition, the appellant seems to argue that the May 2018 correspondence between a union official and management contained similar concerns as his June 2018 disclosure, so management officials must have perceived him as the whistleblower behind both, even though he was not the signatory to the May 2018 correspondence. PFR File, Tab 1 at 22. We are not persuaded. The appellant has not identified any evidentiary support for this theory, and the two sets of correspondence are not particularly similar. *Compare* IAF, Tab 5 at 46-48 (June disclosure by the appellant), *with* IAF, Tab 15 at 5-19 (May disclosure by a union official).

The appellant's next argument on review implicates the agency's burden of proving that it would have taken the same removal action in the absence of his protected disclosure. PFR File, Tab 1 at 23-24. However, he has once again presented little more than conclusory disagreement with the administrative judge's findings. For example, the appellant alludes to the first *Carr* factor, the strength of the agency's evidence in support of its action, arguing that there was no evidence to support his removal and the administrative judge abused her authority to find otherwise. *Id*. at 23. He made these assertions without identifying any evidence, precedent, or other support. They are, therefore, unavailing.

In conclusion, the appellant has failed to present any basis for us to reach a conclusion different than the initial decision, which sustained his removal.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.