**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTHONY W.N COBB, | DOCKET NUMBER |
| Appellant, | AT-0752-21-0258-X-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: March 16, 2026 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Stephan Benet Caldwell</u>, Esquire, Riverdale, Georgia, for the appellant.

<u>Mary Rae Dudley</u> and <u>Captain Giustina Simon</u>, Esquire,
    Fort Gordon, Georgia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**ORDER**

On May 24, 2023, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the decision in the underlying appeal and granting the appellant's petition for enforcement. *Cobb v. Department of the Army*, MSPB Docket No. AT-0752-21-0258-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID). For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

find that the agency is in compliance with its obligations to pay the appellant the appropriate amount of back pay with interest and restore his leave. However, we find that the agency remains in noncompliance with its obligation to reinstate him, and we order the agency to comply with the Board's final order in the underlying appeal. *Cobb v. Department of the Army*, MSPB Docket No. AT-0752-21-0258-I-1, Final Order (July 7, 2022) (Final Order).

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On March 3, 2021, the appellant filed his initial appeal challenging his removal from his position of Police Officer, GS-0083-07, which was based on two charges: (1) lack of candor; and (2) failure to maintain a condition of employment. *Cobb v. Department of the Army*, MSPB Docket No. AT-0752-21-0258-I-1, Initial Appeal File, Tab 57, Initial Decision (ID). In the first charge, the agency contended that the appellant lacked candor because he refused to disclose in an investigation how he learned of a criminal charge against another officer. ID at 4-5. The agency alleged in the second charge that the appellant had been decertified from the Individual Reliability Program (IRP) due to his lack of candor detailed above, his previous employment record, which included disrespect to a supervisor, and timecard fraud. ID at 6-7. On August 27, 2021, the administrative judge issued an initial decision holding that the agency failed to sustain either of the two charges. With respect to the lack of candor charge, the administrative judge found that the appellant's statements in the investigation were not deceptive. ID at 5. Regarding the second charge, the administrative judge held that the appellant's decertification from the IRP was unreasonable, finding, among other things, that the appellant had not lacked candor and that there was insufficient evidence to support the conclusion that the appellant engaged in timecard fraud. ID at 8. The initial decision reversed the agency's removal of the appellant and ordered the agency to pay the appellant back pay and retroactively restore him to his position. ID at 3-8, 16. The agency filed a petition for review and the appellant

filed a cross petition for review of the initial decision. The Board's Final Order affirmed the initial decision and required the agency to, among other things, retroactively restore the appellant, effective February 10, 2021, and to pay the appellant the correct amount of back pay, interest on the back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of the decision. Final Order at 3-5. The deadline for timely compliance with the July 7, 2022 Final Order regarding back pay was September 5, 2022. *Id.*

The appellant filed a petition for enforcement on February 8, 2023. CF, Tab 1. In his petition for enforcement, the appellant alleged that the agency failed to comply with the final order because: (1) the agency failed to timely provide back pay to the appellant; and (2) the agency improperly refused to restore the appellant to his former position of Police Officer. CF, Tabs 1, 6.

In the compliance initial decision, the administrative judge found that the agency did not timely pay the appellant back pay and also failed to restore the appellant to a position substantially similar to his former position. He therefore ordered the agency to, among other things, pay the appellant the proper amount of back pay with interest and submit evidence of its compliance actions. CID at 3-5. The administrative judge informed the agency that, if it decided to take the compliance actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions. CID at 5-6; *see* 5 C.F.R. § 1201.183(a)(6)(i) (2023). He also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by June 28, 2023, the date on which the findings of noncompliance would become final unless a petition for review was filed. CID at 7; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii) (2023), 1201.183(b) (2023). Neither party petitioned for review. Accordingly, pursuant to 5 C.F.R.

§ 1201.183(b)-(c) (2023), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance.

On June 27, 2023, the agency informed the Board that it had taken the actions identified in the compliance initial decision. *Cobb v. Department of the Army*, AT-0752-21-0258-X-1, Compliance Referral File (CRF), Tab 1. The appellant filed a response to the agency's statement of compliance on July 17, 2023, contending that the agency had failed to reinstate him to his prior position and therefore remained in noncompliance with the Board's July 7, 2022 Final Order, and requested sanctions. CRF, Tab 3. The agency filed a reply on July 18, 2023. CRF, Tab 4.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[2] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

<u>The agency is in compliance with respect to the payment of back pay and the restoration of leave.</u>

In its statement of compliance, the agency asserted that it paid the appellant the required back pay and restored the appellant's leave on or about April 6, 2023, and provided back pay and leave calculations. CRF, Tab 1 at 1, 28-40. In the appellant's response to the agency's statement of compliance, the appellant did not dispute that the back pay and leave restoration had been completed. CRF, Tab 3. As the evidence submitted by the agency in its statement of compliance reflects that the back pay and leave restoration was in fact completed, and the appellant has not disputed such, we find that the agency is in compliance with respect to these issues.

<u>The agency is not in compliance with respect to restoring the appellant to a position substantially similar to his former position.</u>

The Board has jurisdiction to consider an appellant's claim of noncompliance with a Board order, and its enforcement authority includes the power to restore, as nearly as possible, the status quo ante. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). Generally, to be in compliance with a Board order to reinstate an employee, an agency must return the employee to his former position. *Walker v. Department of the Army*, 90 M.S.P.R. 136, ¶ 16 (2001). If the agency does not return the employee to his former position, it must show that: (1) it has a strong overriding interest or compelling reason requiring reassignment to a different position; and (2) it has reassigned the employee to a position which is substantially similar to the former position. *Miller v. Department of the Army*, 109 M.S.P.R. 41, ¶ 11 (2008).

In this case, the agency did not return the appellant to his former position of Police Officer because it refused to recertify the appellant to the agency's IRP, an agency condition of employment for the position of Police Officer. CID at 3. Instead, the agency reassigned the appellant from the position of Police Officer, GS-0083-07, into the term position of Operations Assistant (OA) - Emergency Management Specialist, GS-0303-07. CF, Tab 3 at 94.

In the compliance initial decision, the administrative judge found that the term OA position was not substantially similar to the appellant's previous position because the appellant's original appointment was not limited in time, and he therefore held that the agency had failed to comply with the Board's Final Order reinstating the appellant. CID at 3-4. The administrative judge did not reach the issue of whether the agency showed that it had a strong overriding interest or compelling reason requiring reassignment to a different position. CID at 4 n.5.

In its statement of compliance, the agency does not assert that it placed the appellant in the Police Officer position, or a substantially similar position. CRF, Tab 1 at 4-10. Instead, the agency merely restates what it had done previously— place the appellant in a term-limited position—which the administrative judge previously held was insufficient for compliance. *Id.* at 7. The agency additionally notes that the appellant applied and was competitively selected for an Operations Assistant position, GS-303-07, and then was non-competitively selected and promoted to Operations Specialist, GS-0301-09 pursuant to the Agency's Veterans Recruitment Authority. *Id.* at 7-10. The agency continues to assert that it will not place the appellant into his previous Police Officer position because the appellant does not have the requisite IRP certification, which the agency contends is a compelling reason for reassigning the appellant to a different position. *Id.* at 8-10.

Although the agency has failed to place the appellant in a substantially similar position, the underlying issue in this compliance matter is whether the agency has a compelling reason to refuse to place the appellant in his former position. The agency asserts that it has discretion to determine whether to certify the appellant for the IRP, which is a requirement for the Police Officer position. CRF, Tab 4 at 5-6. However, the appellant notes that, when a condition of employment—such as a certification or other approval of the employee's fitness to hold his position—is controlled by the agency, the Board will, other than in national-security-based decisions, review the underlying merits of the agency's decision to determine whether that decision was reasonable. *See Adams v.*

*Department of the Army*, 105 M.S.P.R. 50, ¶¶ 9-12 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008).

We therefore examine whether the agency has shown that its decision to refuse to recertify appellant for the IRP is reasonable. In support of its position, the agency presented a memorandum dated October 1, 2021, stating that it would continue to not certify the appellant for its IRP because the administrative judge in the initial appeal of his removal from Federal service "determined [he] committed the misconduct of failing to cooperate in an official [a]gency internal investigation." CRF, Tab 1 at 43-44, Tab 4 at 6-7. The agency further argues, citing the Board's Final Order, that the "administrative judicial tribunal determined [the a]ppellant committed misconduct of failing to cooperate in an [a]gency investigation, which misconduct is directly related to the duties of the sworn peace officer position from which he was removed, which was affirmed by the Board." CRF, Tab 4 at 7.[3]

In the initial decision reversing the appellant's removal, the administrative judge held that the agency failed to sustain charges of lack of candor and failure to maintain a condition of employment.[4] More specifically, the administrative judge held that agency failed to prove its charge that the appellant lacked candor when answering questions in an investigation because his refusal to identify a source of

---

[3] There was no charge in the instant matter regarding failure to cooperate in an official agency internal investigation. Nonetheless, we reviewed the agency's filings to ascertain whether it presented any evidence of a finding by an administrative judge in a subsequent removal proceeding of the appellant. No such evidence was presented. Instead, the agency attached a case in another matter for another appellant. *Cobb v. Department of the Army*, MSPB Docket No. AT-0752-21-0258-I-1, Petition for Review File, Tab 1 at 29-54 (attaching *Gomez-Rodriguez v. Department of the Army*, MSPB Docket No. AT-0752-21-0264-I-1, Initial Decision (Sept. 24, 2021)). However, the appellant was not a party to the *Gomez-Rodriguez* appeal.

[4] As described *supra*, with respect to the second charge of failure to maintain a condition of employment, the administrative judge held that it was unreasonable for the agency to decertify the appellant from the IRP because he had not lacked candor and because there was very little evidence supporting the agency's conclusion that appellant committed timecard fraud. ID at 8.

information "[did] not, in any way, involve deception." ID at 5. In determining whether the charge of lack of candor would be sustained, the administrative judge stated that "the appellant's refusal to cooperate with the investigator is actionable for failing to cooperate with an investigation," but recognized that "the Board cannot substitute its judgment and sustain a charge it may believe is more appropriate." ID at 5-6. To the extent the administrative judge's statement that the appellant's conduct was "actionable" constituted a finding of misconduct, his assertion concerns charges never brought against the appellant, and is thus dicta unnecessary to the decision, which does not bind us here. *See Smith v. Orr*, 855 F.2d 1544, 1550 (Fed. Cir. 1988) (stating that broad language that is not essential to the disposition of the case cannot be considered binding authority); *New v. Department of Veterans Affairs*, 99 M.S.P.R. 404, ¶ 24 (2005) (finding that a statement of dicta unnecessary to the decision does not constitute a finding); *cf. Miller*, 109 M.S.P.R. 41, ¶ 13 (finding that the agency articulated a compelling reason for not returning the appellant to her position when the Board held that the agency proved the charge that she committed conduct unbecoming a federal employee). In the initial decision, the administrative judge found that it was "patently unreasonable for [the Lieutenant Colonel] to have decertified the appellant from the IRP—a decision that effectively eliminated the appellant's livelihood and career," and ordered the appellant's reinstatement. ID at 8. Accordingly, it was not reasonable for the agency to rely on the August 27, 2021 initial decision as a basis for refusing to certify the appellant for the IRP and to reinstate him to his former position.

The agency further argues that the Board, in its Final Order, denied the appellant's motion to dismiss the agency's petition for review based on the appellant's argument that the agency failed to provide interim relief. CRF, Tab 4 at 5-6 (citing Final Order at 2 n.2). However, interim relief is subject to a different standard of review than the compliance standard. Final Order at 2 n.2; *see Johnston v. Department of the Treasury*, 100 M.S.P.R. 78, ¶ 25 (2005) (noting that

the purpose of interim relief is not to make the appellant whole at the interim relief stage of the proceedings, but rather, to provide the limited relief of 5 U.S.C. § 7701(b)(2)(A) during the pendency of the petition for review process). The Board's review of interim relief is limited to determining whether the agency actually made an undue disruption determination and whether the employee has received appropriate pay and benefits—it cannot review the merits of the agency's undue disruptive determination. *See King v. Jerome*, 42 F.3d 1371, 1375 (Fed. Cir. 1994). Interim relief is not intended as a status quo ante remedy. *See Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 6 (2007), *aff'd*, 301 F. App'x 923 (Fed. Cir. 2008). Such full relief is only appropriate after a final Board decision. Thus, the Board's determination that the agency made an implicit undue disruption determination in reference to interim relief is not relevant to whether the agency is now in compliance with the Board's compliance orders.

Based on the foregoing, we find that the agency has presented no corroborating evidence to show that its refusal to recertify the appellant's IRP status was reasonable and therefore no evidence there was a compelling reason for its decision to not place the appellant in the Police Officer position. Accordingly, the agency remains in noncompliance with its obligation to reinstate the appellant to his former position.

We note that it appears the appellant has accepted another position and was subsequently promoted. Therefore, to be in compliance, the agency must offer the appellant, in writing, the opportunity to be placed in the Police Officer position or to elect to remain in his current status. If the appellant elects to be placed in the Police Officer position, the agency must effect such placement, effective February 10, 2024. If the appellant elects to remain in his current position, his written election will satisfy the agency's compliance obligations with respect to this action.

**FURTHER ACTION NEEDED FOR COMPLIANCE**

Within **21 calendar days** of the date of this Order, the agency shall submit evidence showing that it has provided the appellant the opportunity to be placed in the Police Officer position and has effected the appellant's election, as discussed above. If the agency fails to submit the required information, the Board may issue an order to show cause why sanctions should not be imposed against the responsible agency official pursuant to 5 U.S.C. § 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c).

The appellant may respond to the agency's response to this Order within **21 calendar days** of the date of service of agency's submission. Failure to submit a response within the required time period may cause the Board to assume the appellant is satisfied and dismiss the petition for enforcement.

This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order subject to judicial review will be issued.

FOR THE BOARD:                          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.